**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **CORLIEUS MOSS** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **WIGGINS FREIGHT, LLC AND** | § | |
| **MARCUS WIGGINS** | § | |
| *Defendants.* | § | |

<u>**INDEX OF STATE COURT FILE**</u>

     The following is an index identifying each state court document and the date in which each

document was filed in the 457th Judicial District Court, Montgomery County, Texas.

| EXHIBIT | DATE | DOCUMENT |
|---|---|---|
| **2** | | Index of State Court File |
| **2a** | 10/25/2021 | Docket Sheet |
| **2b** | 08/31/2021 | Plaintiff's Original Petition |
| **2c** | 09/10/2021 | Plaintiff's Amended Petition |
| **2d** | 09/14/2020 | Copy of Citation Issued to Wiggins Freight LLC |
| **2e** | 09/14/2021 | Copy of Citation Issued to Marcus Wiggins |

9000/00001

# EXHIBIT 2A

# REGISTER OF ACTIONS
## CASE NO. 21-09-12073

**Corlieus Moss vs. Wiggins Freight,Marcus Wiggins**

§
§
§
§
§

Case Type: **Motor Vehicle Accident - Over $250,000**
Date Filed: **08/31/2021**
Location: **457th Judicial District Court**

---

### PARTY INFORMATION

|  |  | **Attorneys** |
|---|---|---|
| Defendant | **Wiggins Freight**<br>50 Cherry Street<br>Grenada, MS 38901 | |
| Defendant | **Wiggins, Marcus**<br>538 Margin Street<br>Grenada, MS 38901 | |
| Plaintiff | **Moss, Corlieus** | **Chelsea Murfree**<br>*Retained*<br>713-888-8888(W)<br><br>**Sharde' Marks Riley**<br>*Retained*<br>713-888-8888(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| 08/31/2021 | **Original Petition (OCA)** | | |
|---|---|---|---|
| 08/31/2021 | **E-Filed Original Petition Document** | | |
| 09/10/2021 | **Amended Petition** | | |
| 09/10/2021 | **Return of Service** | | |
| 09/14/2021 | **Citation** | | |
| | Wiggins Freight | Served | 09/28/2021 |
| | | Returned | 10/13/2021 |
| 09/14/2021 | **Citation** | | |
| | Wiggins, Marcus | Served | 09/28/2021 |
| | | Returned | 10/13/2021 |
| 10/13/2021 | **Return of Service** | | |
| 10/13/2021 | **Return of Service** | | |

---

### FINANCIAL INFORMATION

| **Plaintiff** Moss, Corlieus | |
|---|---|
| Total Financial Assessment | 308.00 |
| Total Payments and Credits | 308.00 |
| **Balance Due as of 10/25/2021** | **0.00** |

| 09/01/2021 | Transaction Assessment | | | 292.00 |
| 09/01/2021 | E-File Electronic Payment | Receipt # 2021-308565 | Moss, Corlieus | (292.00) |
| 09/10/2021 | Transaction Assessment | | | 16.00 |
| 09/10/2021 | E-File Electronic Payment | Receipt # 2021-309445 | Moss, Corlieus | (16.00) |

# EXHIBIT 2B

Received and E-Filed for Record
8/31/2021 11:37 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Patricia Morrill

<u>CAUSE NO.:</u>  21-09-12073

| | | |
|---|---|---|
| **CORLIEUS MOSS** | § | **IN THE COURT OF** |
| *Plaintiff,* | § | Montgomery County - 457th Judicial District Court |
| | § | |
| v. | § | _____DISTRICT COURT |
| | § | |
| **WIGGINS FREIGHT and MARCUS** | § | |
| **WIGGINS** | § | |
| *Defendant.* | § | **MONTGOMERY COUNTY, TEXAS** |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **CORLIEUS MOSS** ("Plaintiff"), by and through his attorney of record,

complaining of **WIGGINS FREIGHT and MARCUS WIGGINS** ("Defendants"), and for

cause(s) of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1.      Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiff hereby

expresses her intent for discovery in this case to be conducted under Rule 190.3 (Level 2).

### CLAIM FOR RELIEF

2.      Pursuant to TEX. R. CIV. P. Rule 47, Plaintiff seeks monetary relief over

$1,000,000.

### PARTIES

3.      **Plaintiff, CORLIEUS MOSS** is an individual natural person who resides in and at

all times relevant in Texas.

4.      **Defendant WIGGINS FREIGHT** is a company doing business in the State of Texas.  It

may be served at its principal place of business at 50 Cherry Street, Grenada, Mississippi

38901.

### ***CITATION FOR SERVICE IS REQUESTED AT THIS TIME***

5. **Defendant, MARCUS WIGGINS** is an individual natural person who resides in and at all times relevant in Mississippi. He may be served at 538 Margin Street, Grenada, Mississippi, 38901 or wherever he may be found.

### ***CITATION FOR SERVICE IS REQUESTED AT THIS TIME***
### VENUE AND JURISDICTION

6. Pursuant to §15.002(a)(1) of the Texas Civil Practice & Remedies Code, venue is required in Montgomery County, Texas because all or a substantial part of the events or omissions that gave rise to this lawsuit occurred in Montgomery County, Texas.

7. The subject matter in controversy is within the jurisdictional limits of this court. This court has jurisdiction over the parties because the accident occurred in the State of Texas.

### FACTUAL BACKGROUND

8. On or about March 19, 2020, while traveling southbound, Defendant failed to control his vehicle resulting in him losing control and exiting the road. Plaintiff was a passenger in Defendant's vehicle. . As a result of this collision, Plaintiff suffered severe injuries. Plaintiff sought and continues to receive reasonable and necessary medical treatment for their injuries caused by this accident.

### COUNT 1-NEGLIGENCE

9. At the time of the collision, Defendants were operating his vehicle negligently Defendants had a duty to exercise ordinary care and operate his respective vehicle reasonably and prudently. Defendants negligence was a proximate cause of Plaintiffs' injuries. Defendants breached the duty of reasonable care in one or more of the following ways:

      a.   Failure to timely apply the brakes;

b. Failing to maintain a proper lookout;

c. Failing to maintain a proper speed;

d. Failing to take appropriate evasive action to avoid the collision;

e. Failure to maintain an assured clear distance between two vehicles;

f. Failure to maintain a single lane;

g. Failure to change lanes when safe;

h. Failing to keep the vehicle under proper control; and

i. Failing to act as a reasonable person using ordinary care in the same or similar circumstances.

## COUNT 2 – NEGLIGENCE PER SE

10. In addition to other counts, Defendants negligence described in Count 1 violated the Texas Transportation Code.

11. Specifically, Defendants violated:

i. Texas Transportation Code §545.062(a), which imposes a duty on drivers to maintain a safe distance between two vehicles; and

i. Texas Transportation Code §545.351, which imposes a duty on drivers to operate a motor vehicle at a speed that is reasonable and prudent under the conditions and with regard to actual and potential hazards then existing and at a speed necessary to avoid colliding with any person, vehicle or other conveyance.

12. The Texas Transportation Code is designed to protect a class of person to which Plaintiffs belong against the type of injury suffered by Plaintiffs.

13. Texas Transportation Code §545.062(a) and §545.531, is of the type that impose tort liability.

14. Defendants violations of Texas Transportation Code §545.062(a), §545.531, proximately caused injury to Plaintiffs, which resulted in Plaintiffs suffering damages.

## COUNT 3—NEGLIGENT ENTRUSTMENT

15. **Negligence, Defendant Vehicle Owner:** At all relevant times, Defendants was the owner of the subject vehicle, as well as the responsible entity of the drivers. Further, drivers were acting within the course and scope of his responsibilities with/to Defendants at the time of the incident in question.

1. **Negligent Entrustment, Defendants:** Plaintiffs further allege that Defendants negligently entrusted their vehicle, trailer, duties, and responsibilities to drivers because Defendants knew and/or had reasons to know that they were not a safe and prudent driver.

## PLAINTIFFS' CLAIM FOR DAMAGES

2. Plaintiffs suffered multiple injuries in the collision.  Plaintiffs respectfully requests the trier of fact to determine the amount of the damages they have incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages. These injuries have caused them to suffer, and will very likely continue causing them to suffer, the following damages:

      a.     Physical pain and suffering,

      b.     Mental anguish,;

      c.     Physical disfigurement,

      d.     Physical impairment,

      e.     Diminished capacity to enjoy life and society,

      f.     Reasonable and necessary medical expenses,

      g.     Lost wages;

h.  Loss of earning capacity which will in all likelihood persist for the rest of their lives; and

i.  Property damage.

## REQUIRED DISCLOSURE

3.  Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully prays that Defendants be cited to appear and answer herein, and that upon final hearing of the cause, judgment be entered for the Plaintiffs against Defendants for damages in an amount within the jurisdictional limits of the court, together with pre-judgment interest at the maximum rate allowed by law post-judgment interest at the legal rate, costs of court, and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,
**RAMJI LAW GROUP**

Chelsea Murfree
Texas Bar No. 24107873
Adam Ramji
Texas Bar No. 24045209

9186 Katy Freeway
Houston, Texas 77055
Telephone:  (713) 888-8888
Facsimile:  (866) 672-3372
**E-service only:   service@ramjilaw.com**

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT 2C

Received and E-Filed for Record
9/10/2021 10:55 AM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Chris Russo

<u>CAUSE NO.: 21-09-12073</u>

| | | |
|---|---|---|
| **CORLIEUS MOSS,** | § | **IN THE COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **457TH DISTRICT COURT** |
| | § | |
| **WIGGINS FREIGHT, LLC and MARCUS** | § | |
| **WIGGINS,** | § | |
| *Defendant.* | § | **MONTGOMERY COUNTY, TEXAS** |

### PLAINTIFF'S AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **CORLIEUS MOSS** ("Plaintiff"), by and through his attorney of record, complaining of **WIGGINS FREIGHT, LLC and MARCUS WIGGINS** ("Defendants"), and for cause(s) of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1.      Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiff hereby expresses her intent for discovery in this case to be conducted under Rule 190.3 (Level 2).

### CLAIM FOR RELIEF

2.      Pursuant to TEX. R. CIV. P. Rule 47, Plaintiff seeks monetary relief over $1,000,000.

### PARTIES

3.      **Plaintiff, CORLIEUS MOSS,** is an individual natural person who resides in and at all times relevant in Grenada County, Mississippi.

4.      **Defendant, WIGGINS FREIGHT, LLC,** is a limited liability company doing business in the State of Texas.  It may be served at its registered agent, Cedric Wiggins, 605 Scenic Dr., Grenada, MS 38901 or its principal place of business located at 50 Cherry Street, Grenada, Mississippi 38901.

Copy from re:SearchTX

**\*\*\*CITATION FOR SERVICE IS REQUESTED AT THIS TIME\*\*\***

5.      **Defendant, MARCUS WIGGINS,** is an individual natural person who resides in and at all times relevant in Mississippi. He may be served at 538 Margin Street, Grenada, Mississippi, 38901 or wherever he may be found.

**\*\*\*CITATION FOR SERVICE IS REQUESTED AT THIS TIME\*\*\***

**VENUE AND JURISDICTION**

6.      Pursuant to §15.002(a)(1) of the Texas Civil Practice & Remedies Code, venue is required in Montgomery County, Texas because all or a substantial part of the events or omissions that gave rise to this lawsuit occurred in Montgomery County, Texas.

7.      The subject matter in controversy is within the jurisdictional limits of this court. This court has jurisdiction over the parties because the accident occurred in the State of Texas.

**FACTUAL BACKGROUND**

8.      On or about March 19, 2020, while traveling southbound, Defendant failed to control his vehicle resulting in him losing control and exiting the road. Plaintiff was a passenger in Defendant's vehicle. As a result of this collision, Plaintiff suffered severe injuries. Plaintiff sought and continues to receive reasonable and necessary medical treatment for their injuries caused by this accident.

**COUNT 1-NEGLIGENCE**

9.      At the time of the collision, Defendant was operating his vehicle negligently. Defendant had a duty to exercise ordinary care and operate his respective vehicle reasonably and prudently. Defendant's negligence was a proximate cause of Plaintiff's injuries. Defendant breached the duty of reasonable care in one or more of the following ways:

Copy from re:SearchTX

a. Failure to timely apply the brakes;

b. Failing to maintain a proper lookout;

c. Failing to maintain a proper speed;

d. Failing to take appropriate evasive action to avoid the collision;

e. Failure to maintain an assured clear distance between two vehicles;

f. Failure to maintain a single lane;

g. Failure to change lanes when safe;

h. Failing to keep the vehicle under proper control; and

i. Failing to act as a reasonable person using ordinary care in the same or similar circumstances.

## COUNT 2 – NEGLIGENCE PER SE

10. In addition to other counts, Defendants negligence described in Count 1 violated the Texas Transportation Code.

11. Specifically, Defendants violated:

i. Texas Transportation Code §545.062(a), which imposes a duty on drivers to maintain a safe distance between two vehicles; and

ii. Texas Transportation Code §545.351, which imposes a duty on drivers to operate a motor vehicle at a speed that is reasonable and prudent under the conditions and with regard to actual and potential hazards then existing and at a speed necessary to avoid colliding with any person, vehicle or other conveyance.

12. The Texas Transportation Code is designed to protect a class of person, to which Plaintiff belongs, against the type of injury suffered by Plaintiff.

13. Texas Transportation Code §545.062(a) and §545.531, is of the type that impose

Copy from re:SearchTX

tort liability.

14.    Defendants violations of Texas Transportation Code §545.062(a) and §545.531, proximately caused injury to Plaintiffs, which resulted in Plaintiffs suffering damages.

### COUNT 3—NEGLIGENT ENTRUSTMENT

15.    **Negligence, Defendant Vehicle Owner, Wiggins Freight, LLC:** At all relevant times, Defendant was the owner of the subject vehicle, as well as the responsible entity of the drivers. Further, drivers were acting within the course and scope of his responsibilities with/to Defendant at the time of the incident in question.

16.    **Negligent Entrustment, Defendant, Wiggins Freight, LLC:** Plaintiff further allege that Defendant negligently entrusted their vehicle, trailer, duties, and responsibilities to drivers because Defendant knew and/or had reasons to know that they were not a safe and prudent driver.

### PLAINTIFF'S CLAIM FOR DAMAGES

17.    Plaintiff suffered multiple injuries in the collision.  Plaintiff respectfully requests the trier of fact to determine the amount of the damages they have incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages.  These injuries have caused them to suffer, and will very likely continue causing them to suffer, the following damages:

      a.   Physical pain and suffering, beginning March 19, 2020 and into the future;

      b.   Mental anguish, beginning March 19, 2020 and into the future;

      c.   Physical disfigurement, beginning March 19, 2020 and into the future;

      d.   Physical impairment, beginning March 19, 2020 and into the future;

      e.   Diminished capacity to enjoy life and society, beginning March 19, 2020

Copy from re:SearchTX

and into the future;

    f.   Reasonable and necessary medical expenses, beginning March 19, 2020 and into the future;

    g.   Lost wages; beginning March 19, 2020 and into the future;

    h.   Loss of earning capacity which will in all likelihood persist for the rest of their lives; beginning March 19, 2020 and into the future; and

    i.   Property damage.

## REQUIRED DISCLOSURE

18.    Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12.  Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully prays that Defendants be cited to appear and answer herein, and that upon final hearing of the cause, judgment be entered for the Plaintiffs against Defendants for damages in an amount within the jurisdictional limits of the court, together with pre-judgment interest at the maximum rate allowed by law post-judgment interest at the legal rate, costs of court, and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

[SIGNATURE BLOCK IS ON THE NEXT PAGE]

Copy from re:SearchTX

Respectfully submitted,

*/s/ Sharde' Marks Riley*
Sharde' Marks Riley
Texas bar No. 24077465
Adam Ramji
Texas bar No. 24045209
**RAMJI LAW GROUP**
9186 Katy Freeway
Houston, Texas 77055
Telephone:  (713) 888-8888
Facsimile:  (866) 672-3372
Correspondence: smarks@doctorlaw.com
E-service only: service@ramjilaw.com

**ATTORNEYS FOR PLAINTIFF**

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Chelsea Murfree on behalf of Sharde Marks
Bar No. 24077465
cmurfree@calltheram.com
Envelope ID: 57126966
Status as of 9/10/2021 2:56 PM CST

Associated Case Party: Corlieus Moss

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Sharde' Marks Riley | | service@doctorlaw.com | 9/10/2021 10:55:37 AM | SENT |

Copy from re:SearchTX

# EXHIBIT 2D

# CITATION

Cause Number: 21-09-12073

| | |
|---|---|
| Clerk of the Court | Attorney Requesting Service |
| Melisa Miller | Chelsea Murfree |
| P.O. Box 2985 | 9186 Katy Freeway |
| Conroe, Texas 77305 | Houston TX 77055 |

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. <u>If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.</u> In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

To:    Wiggins Freight
       Registered Agent Cedric Wiggins
       605 Scenic Dr.
       Grenada MS 38901
       OR WHEREVER THE ADDRESSEE MAY BE FOUND

The attached Plaintiff's Amended Petition was filed on the 10th day of September, 2021, in 457th Judicial District Court, located at the Montgomery County Courthouse in Conroe, Texas, numbered 21-09-12073, and includes the following parties: Corlieus Moss, plaintiff(s), and Wiggins Freight; Marcus Wiggins, defendant(s).

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 14th day of September, 2021.

Melisa Miller, District Clerk
Montgomery County, Texas

By: _Delcy Parker_

Delcy Parker, Deputy

Received and E-Filed for Record
8/31/2021 11:37 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Patricia Morrill

<u>CAUSE NO.:</u>  21-09-12073

| | | |
|---|---|---|
| **CORLIEUS MOSS** | § | **IN THE COURT OF** |
| *Plaintiff,* | § | Montgomery County - 457th Judicial District Court |
| | § | |
| v. | § | _____DISTRICT COURT |
| | § | |
| **WIGGINS FREIGHT and MARCUS** | § | |
| **WIGGINS** | § | |
| *Defendant.* | § | **MONTGOMERY COUNTY, TEXAS** |

<u>PLAINTIFFS' ORIGINAL PETITION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **CORLIEUS MOSS** ("Plaintiff"), by and through his attorney of record, complaining of **WIGGINS FREIGHT and MARCUS WIGGINS** ("Defendants"), and for cause(s) of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1.     Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiff hereby expresses her intent for discovery in this case to be conducted under Rule 190.3 (Level 2).

### CLAIM FOR RELIEF

2.     Pursuant to TEX. R. CIV. P. Rule 47, Plaintiff seeks monetary relief over $1,000,000.

### PARTIES

3.     **Plaintiff, CORLIEUS MOSS** is an individual natural person who resides in and at all times relevant in Texas.

4.   **Defendant WIGGINS FREIGHT** is a company doing business in the State of Texas.  It may be served at its principal place of business at 50 Cherry Street, Grenada, Mississippi 38901.

### ***CITATION FOR SERVICE IS REQUESTED AT THIS TIME***

PLAINTIFFS' ORIGINAL PETITION                    Page 1 of 6

5. **Defendant, MARCUS WIGGINS** is an individual natural person who resides in and at all times relevant in Mississippi. He may be served at 538 Margin Street, Grenada, Mississippi, 38901 or wherever he may be found.

**\*\*\*CITATION FOR SERVICE IS REQUESTED AT THIS TIME\*\*\***

**VENUE AND JURISDICTION**

6. Pursuant to §15.002(a)(1) of the Texas Civil Practice & Remedies Code, venue is required in Montgomery County, Texas because all or a substantial part of the events or omissions that gave rise to this lawsuit occurred in Montgomery County, Texas.

7. The subject matter in controversy is within the jurisdictional limits of this court. This court has jurisdiction over the parties because the accident occurred in the State of Texas.

**FACTUAL BACKGROUND**

8. On or about March 19, 2020, while traveling southbound, Defendant failed to control his vehicle resulting in him losing control and exiting the road. Plaintiff was a passenger in Defendant's vehicle. . As a result of this collision, Plaintiff suffered severe injuries. Plaintiff sought and continues to receive reasonable and necessary medical treatment for their injuries caused by this accident.

**COUNT 1-NEGLIGENCE**

9. At the time of the collision, Defendants were operating his vehicle negligently Defendants had a duty to exercise ordinary care and operate his respective vehicle reasonably and prudently. Defendants negligence was a proximate cause of Plaintiffs' injuries. Defendants breached the duty of reasonable care in one or more of the following ways:

      a. Failure to timely apply the brakes;

b.  Failing to maintain a proper lookout;

c.  Failing to maintain a proper speed;

d.  Failing to take appropriate evasive action to avoid the collision;

e.  Failure to maintain an assured clear distance between two vehicles;

f.  Failure to maintain a single lane;

g.  Failure to change lanes when safe;

h.  Failing to keep the vehicle under proper control; and

i.  Failing to act as a reasonable person using ordinary care in the same or similar circumstances.

### COUNT 2 – NEGLIGENCE PER SE

10. In addition to other counts, Defendants negligence described in Count 1 violated the Texas Transportation Code.

11. Specifically, Defendants violated:

i.  Texas Transportation Code §545.062(a), which imposes a duty on drivers to maintain a safe distance between two vehicles; and

i.  Texas Transportation Code §545.351, which imposes a duty on drivers to operate a motor vehicle at a speed that is reasonable and prudent under the conditions and with regard to actual and potential hazards then existing and at a speed necessary to avoid colliding with any person, vehicle or other conveyance.

12. The Texas Transportation Code is designed to protect a class of person to which Plaintiffs belong against the type of injury suffered by Plaintiffs.

13. Texas Transportation Code §545.062(a) and §545.531, is of the type that impose tort liability.

14. Defendants violations of Texas Transportation Code §545.062(a), §545.531, proximately caused injury to Plaintiffs, which resulted in Plaintiffs suffering damages.

## COUNT 3—NEGLIGENT ENTRUSTMENT

15. **Negligence, Defendant Vehicle Owner:** At all relevant times, Defendants was the owner of the subject vehicle, as well as the responsible entity of the drivers. Further, drivers were acting within the course and scope of his responsibilities with/to Defendants at the time of the incident in question.

1. **Negligent Entrustment, Defendants:** Plaintiffs further allege that Defendants negligently entrusted their vehicle, trailer, duties, and responsibilities to drivers because Defendants knew and/or had reasons to know that they were not a safe and prudent driver.

## PLAINTIFFS' CLAIM FOR DAMAGES

2. Plaintiffs suffered multiple injuries in the collision.  Plaintiffs respectfully requests the trier of fact to determine the amount of the damages they have incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages. These injuries have caused them to suffer, and will very likely continue causing them to suffer, the following damages:

   a.   Physical pain and suffering,

   b.   Mental anguish,;

   c.   Physical disfigurement,

   d.   Physical impairment,

   e.   Diminished capacity to enjoy life and society,

   f.   Reasonable and necessary medical expenses,

   g.   Lost wages;

     h.     Loss of earning capacity which will in all likelihood persist for the rest of their lives; and

     i.     Property damage.

## REQUIRED DISCLOSURE

3. Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully prays that Defendants be cited to appear and answer herein, and that upon final hearing of the cause, judgment be entered for the Plaintiffs against Defendants for damages in an amount within the jurisdictional limits of the court, together with pre-judgment interest at the maximum rate allowed by law post-judgment interest at the legal rate, costs of court, and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,
**RAMJI LAW GROUP**

Chelsea Murfree
Texas Bar No. 24107873
Adam Ramji
Texas Bar No. 24045209

9186 Katy Freeway
Houston, Texas 77055
Telephone:  (713) 888-8888
Facsimile:  (866) 672-3372
**E-service only:   service@ramjilaw.com**

**ATTORNEYS FOR PLAINTIFF**

## Automated Certificate of eService
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Chelsea Murfree
Bar No. 24107873
cmurfree@calltheram.com
Envelope ID: 56849379
Status as of 9/1/2021 1:59 PM CST

Associated Case Party: CorlieusMoss

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Adam Ramji | | service@ramjilaw.com | 8/31/2021 11:37:24 PM | SENT |

# EXHIBIT 2E

# CITATION

Cause Number: 21-09-12073

Clerk of the Court                          Attorney Requesting Service
Melisa Miller                               Chelsea Murfree
P.O. Box 2985                               9186 Katy Freeway
Conroe, Texas 77305                         Houston TX  77055

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. <u>If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.</u> In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

To:     Marcus Wiggins
        538 Margin Street
        Grenada MS  38901
        OR WHEREVER THE ADDRESSEE MAY BE FOUND

The attached Plaintiff's Amended Petition was filed on the  10th day of September, 2021, in 457th Judicial District Court, located at the Montgomery County Courthouse in Conroe, Texas, numbered 21-09-12073, and includes the following parties: Corlieus Moss, plaintiff(s), and Wiggins Freight; Marcus Wiggins, defendant(s).

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 14th day of September, 2021.

                                        Melisa Miller, District Clerk
                                        Montgomery County, Texas

                                        By: _Delcy Parker_____
                                        Delcy Parker, Deputy

Received and E-Filed for Record
8/31/2021 11:37 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Patricia Morrill

CAUSE NO.:  21-09-12073

| | | |
|---|---|---|
| **CORLIEUS MOSS** | § | **IN THE COURT OF** |
| *Plaintiff,* | § | Montgomery County - 457th Judicial District Court |
| | § | |
| **v.** | § | _____**DISTRICT COURT** |
| | § | |
| **WIGGINS FREIGHT and MARCUS** | § | |
| **WIGGINS** | § | |
| *Defendant.* | § | **MONTGOMERY COUNTY, TEXAS** |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **CORLIEUS MOSS** ("Plaintiff"), by and through his attorney of record, complaining of **WIGGINS FREIGHT and MARCUS WIGGINS** ("Defendants"), and for cause(s) of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1.     Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiff hereby expresses her intent for discovery in this case to be conducted under Rule 190.3 (Level 2).

### CLAIM FOR RELIEF

2.     Pursuant to TEX. R. CIV. P. Rule 47, Plaintiff seeks monetary relief over $1,000,000.

### PARTIES

3.     **Plaintiff, CORLIEUS MOSS** is an individual natural person who resides in and at all times relevant in Texas.

4.   **Defendant WIGGINS FREIGHT** is a company doing business in the State of Texas.  It may be served at its principal place of business at 50 Cherry Street, Grenada, Mississippi 38901.

### ***CITATION FOR SERVICE IS REQUESTED AT THIS TIME***

5. **Defendant, MARCUS WIGGINS** is an individual natural person who resides in and at all times relevant in Mississippi. He may be served at 538 Margin Street, Grenada, Mississippi, 38901 or wherever he may be found.

### ***CITATION FOR SERVICE IS REQUESTED AT THIS TIME***
### VENUE AND JURISDICTION

6. Pursuant to §15.002(a)(1) of the Texas Civil Practice & Remedies Code, venue is required in Montgomery County, Texas because all or a substantial part of the events or omissions that gave rise to this lawsuit occurred in Montgomery County, Texas.

7. The subject matter in controversy is within the jurisdictional limits of this court. This court has jurisdiction over the parties because the accident occurred in the State of Texas.

### FACTUAL BACKGROUND

8. On or about March 19, 2020, while traveling southbound, Defendant failed to control his vehicle resulting in him losing control and exiting the road. Plaintiff was a passenger in Defendant's vehicle. . As a result of this collision, Plaintiff suffered severe injuries. Plaintiff sought and continues to receive reasonable and necessary medical treatment for their injuries caused by this accident.

### COUNT 1-NEGLIGENCE

9. At the time of the collision, Defendants were operating his vehicle negligently Defendants had a duty to exercise ordinary care and operate his respective vehicle reasonably and prudently. Defendants negligence was a proximate cause of Plaintiffs' injuries. Defendants breached the duty of reasonable care in one or more of the following ways:

    a.  Failure to timely apply the brakes;

b.  Failing to maintain a proper lookout;

c.  Failing to maintain a proper speed;

d.  Failing to take appropriate evasive action to avoid the collision;

e.  Failure to maintain an assured clear distance between two vehicles;

f.  Failure to maintain a single lane;

g.  Failure to change lanes when safe;

h.  Failing to keep the vehicle under proper control; and

i.  Failing to act as a reasonable person using ordinary care in the same or similar circumstances.

## COUNT 2 – NEGLIGENCE PER SE

10. In addition to other counts, Defendants negligence described in Count 1 violated the Texas Transportation Code.

11. Specifically, Defendants violated:

   i.  Texas Transportation Code §545.062(a), which imposes a duty on drivers to maintain a safe distance between two vehicles; and

   i.  Texas Transportation Code §545.351, which imposes a duty on drivers to operate a motor vehicle at a speed that is reasonable and prudent under the conditions and with regard to actual and potential hazards then existing and at a speed necessary to avoid colliding with any person, vehicle or other conveyance.

12. The Texas Transportation Code is designed to protect a class of person to which Plaintiffs belong against the type of injury suffered by Plaintiffs.

13. Texas Transportation Code §545.062(a) and §545.531, is of the type that impose tort liability.

14. Defendants violations of Texas Transportation Code §545.062(a), §545.531, proximately caused injury to Plaintiffs, which resulted in Plaintiffs suffering damages.

### COUNT 3—NEGLIGENT ENTRUSTMENT

15. **Negligence, Defendant Vehicle Owner:** At all relevant times, Defendants was the owner of the subject vehicle, as well as the responsible entity of the drivers. Further, drivers were acting within the course and scope of his responsibilities with/to Defendants at the time of the incident in question.

1. **Negligent Entrustment, Defendants:** Plaintiffs further allege that Defendants negligently entrusted their vehicle, trailer, duties, and responsibilities to drivers because Defendants knew and/or had reasons to know that they were not a safe and prudent driver.

### PLAINTIFFS' CLAIM FOR DAMAGES

2. Plaintiffs suffered multiple injuries in the collision.  Plaintiffs respectfully requests the trier of fact to determine the amount of the damages they have incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages. These injuries have caused them to suffer, and will very likely continue causing them to suffer, the following damages:

      a.      Physical pain and suffering,

      b.      Mental anguish,;

      c.      Physical disfigurement,

      d.      Physical impairment,

      e.      Diminished capacity to enjoy life and society,

      f.      Reasonable and necessary medical expenses,

      g.      Lost wages;

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Chelsea Murfree
Bar No. 24107873
cmurfree@calltheram.com
Envelope ID: 56849379
Status as of 9/1/2021 1:59 PM CST

Associated Case Party: CorlieusMoss

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Adam Ramji | | service@ramjilaw.com | 8/31/2021 11:37:24 PM | SENT |